UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60196-CIV-COHN/SELTZER

HOWARD COHAN,

    Plaintiff,

v.

OCEAN CLUB AT DEERFIELD BEACH
CONDOMINIUM ASSOCIATION, INC. d/b/a
OCEAN CLUB AT DEERFIELD BEACH,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [DE 8] ("Motion"). The Court has reviewed the Motion, Plaintiff's Response [DE 12], and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will dismiss Plaintiff's Complaint with leave to re-plead.

**I.   BACKGROUND**

This action arises from discrimination Plaintiff Howard Cohan allegedly endured at the hands of Defendant Ocean Club at Deerfield Beach Condominium Association, Inc. ("Ocean Club"). The Ocean Club leases, owns, or operates a parcel of real property at 2080 East Hillsboro Boulevard, Deerfield Beach, Florida (the "Facility"). DE 1 ¶ 6. Cohan alleges that the Facility is a place of public accommodation that must comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. DE 1 ¶ 12.

On November 4, 2013, Cohan visited the Facility. Id. ¶ 3. Cohan, who uses a wheelchair for mobility, asserts that he suffered discrimination during this visit, because

he was forced to contend with barriers to accessibility at the Facility. Id. ¶¶ 13–15. Cohan alleges that the Ocean Club failed to "provid[e] the requisite lift(s) in the pool, Jacuzzi and/or spa area," in violation of ADA standards. Id. ¶ 17. Cohan filed his suit on this basis, seeking to compel the Ocean Club to modify the Facility to conform to ADA standards. Id. at 6. The Ocean Club responded with its Motion, arguing that the Facility is not subject to ADA regulations, and that Cohan has alleged insufficient facts to establish an ADA violation. See generally DE 8.

**II.   LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks

omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

### III. DISCUSSION

The Ocean Club moves to dismiss the Complaint on two grounds: (1) that its Facility is a private residential property, and not a place of public accommodation, thus ADA standards are inapplicable; and (2) that Cohan has failed to allege sufficient facts to state an ADA violation. A factual dispute regarding whether the Facility is a place of public accommodation precludes dismissal on the issue of the ADA standards' applicability. Nevertheless, the Court agrees with the Ocean Club that Cohan's allegations of discrimination premised upon violations of the ADA contain insufficient facts to state a claim. Accordingly, the Court will grant the Motion, and will dismiss the Complaint with leave to re-plead.

#### A. Whether the Facility Is Place of Public Accommodation Raises Factual Issues Inappropriate for Resolution on a Motion to Dismiss

In its Motion, the Ocean Club argues that the Facility is a condominium building, intended only for private residential use, which falls outside of the ADA's public-accommodation requirements. DE 8 at 5–6 (citing Thompson v. Sand Cliffs Owners Ass'n, Inc., No. 96-270, 1998 WL 35177067 (N.D. Fla. Mar. 30, 1998)). Cohan responds that the Ocean Club participates in transient vacation rentals of the Facility's condominium units to members of the public, bringing the Facility within the coverage of the ADA. DE 12 at 2–3.[1]

---

[1] Cohan has submitted various evidentiary materials in connection with his opposition to the Motion relating to whether the Facility is used for short-term rentals. See DE 12-1 & 12-2. The Court has not considered these materials in arriving at its conclusions. See Sampson v. Wash. Mut. Bank, 453 F. App'x 863, 866 (11th Cir. 2011)

3

A private condominium building may be classified as a place of public accommodation if it is used for short-term rentals of the variety normally associated with hotels or inns. See Champlin v. Sovereign Residential Servs., No. 08-55, 2008 U.S. Dist. LEXIS 115274, at *6–9 (M.D. Fla. Apr. 7, 2008). The Ocean Club ultimately may be able to prove that the Facility is a private condominium building outside the scope of the ADA. Nevertheless, whether the Facility is a place of public accommodation that shares characteristics with hotels or inns, and is accordingly subject to the ADA, raises a disputed factual issue inappropriate for resolution on a motion to dismiss. Accordingly, the Court will deny the Motion insofar as it is premised on the Facility being a private residential building beyond the reach of the ADA.

### B. Cohan Has Pled Insufficient Facts to Support His ADA Claim

The Ocean Club contends that, even were the Court to find that the ADA applies to the Facility, Cohan has alleged insufficient facts to support his claim. DE 8 at 6. The Ocean Club argues that Cohan's allegations that the Facility lacks pool lifts do not state a violation of ADA standards. The Court agrees that the Complaint contains insufficient facts to state an ADA violation, and accordingly will dismiss the Complaint with leave to re-plead.

Cohan's Complaint contains precious few statements of fact specific to this case. A substantial part of the 26-paragraph Complaint describes the function, purpose, and enactment of the ADA, without reference to the particulars of this lawsuit. See DE 1 ¶¶ 9–11, 16. The majority of Cohan's remaining allegations are a collection of generic statements that Cohan visited the Facility, encountered barriers in violation of ADA

---

(per curiam) ("In general, a district court should not look outside the complaint in a motion to dismiss . . . .").

standards, and suffered discrimination as a result. See id. ¶¶ 4–5, 12–15, 18–26. These contentions are little more than a recitation of the elements of an ADA claim, unsupported by underlying facts. See Norkunas v. Seahorse NB, LLC, 444 F. App'x 412, 416 (11th Cir. 2011) (per curiam) (discussing requirements of ADA claim). Such conclusory allegations will not preclude dismissal. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

Having stripped away Cohan's discussion of the ADA and the Complaint's overly conclusory allegations, what remains is Cohan's contention that the Ocean Club discriminated against him by failing to provide pool lifts. See DE 1 ¶ 17. Cohan specifically alleges that the Ocean Club failed to "provid[e] the requisite lift(s) in the pool, Jacuzzi and/or spa area." Id.[2] These allegations suffer from the fundamental flaw that the relevant ADA standards do not require a pool lift in a pool, Jacuzzi, or spa.

A plaintiff premising an ADA claim upon barriers to accessibility must allege that the ADA prohibits the barriers at issue. Duldulao v. La Creperia Café, Inc., No. 11-1413, 2011 U.S. Dist. LEXIS 149447, at *10–11 (M.D. Fla. Dec. 29, 2011); Access Now, Inc. v. S. Fla. Stadium Corp., 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001). The parties are in apparent agreement that 36 C.F.R. § 1191 app. B § 242, incorporated into the ADA 2010 Standards for Accessible Design, provides the ADA standards relevant to this controversy. See DE 1 ¶ 17; DE 8 at 6.

---

[2] The Court notes that this allegation is also fairly vague. Does Cohan allege that the Ocean Club's pool, Jacuzzi, and spa each lack a pool lift, or a sufficient number of lifts? Or do only certain of these facilities lack "pool lift(s)"? Cohan's imprecision results in a pleading that just barely gives the Ocean Club sufficient notice of the basis for Cohan's claim against it and calls into question the plausibility of Cohan's allegations of ADA violations. See Twombly, 550 U.S. at 555.

5

Under these ADA standards, a swimming pool must have at least two accessible means of entry. 36 C.F.R. § 1191 app. B § 242.2. Similarly, a spa must have at least one accessible means of entry. Id. § 1191 app. B § 242.4. A pool lift, however, is only one of several permissible accessible means of entry; the lack of a pool lift in either a pool or a spa does not itself violate the ADA standards. Id. § 1191 app. B §§ 242.2, 242.4.

Cohan's allegation that the Jacuzzi may lack a pool lift also fails to state a violation of these ADA standards, which make no reference to Jacuzzis. Indeed, "Jacuzzi" does not necessarily refer to a specific type of facility or product, but instead appears to be the name of a company that manufactures and markets a wide variety of bath and spa equipment. See Jacuzzi, Inc. v. Franklin Elec. Co., No. 07-1090, 2008 U.S. Dist. LEXIS 4414, at *1 (N.D. Tex. Jan. 22, 2008). The precise nature of the "Jacuzzi" to which Cohan refers in his Complaint is therefore unclear. Nevertheless, because the applicable standards contain no requirement that *any* sort of facility include a pool lift, as opposed to other accessible means of entry, see 36 C.F.R. § 1191 app. B § 242, Cohan's allegation that the Facility's Jacuzzi lacks a pool lift similarly fails to state a violation of an ADA standard.

In short, Cohan's allegation that the Facility lacks "pool lift(s)," even taken as true, does not state a violation of the applicable ADA standards. Cohan has accordingly failed to plead facts to support his claim that he has suffered discrimination as a result of the Ocean Club's violation of ADA standards, see Duldulao, 2011 U.S. Dist. LEXIS 149447, at *10–11, and the Court will dismiss his single-count Complaint. Nevertheless, because it is possible that Cohan could state a claim by alleging additional facts

regarding violations of ADA standards at the Facility, the Court's dismissal will be without prejudice, and with leave to amend.

## IV. CONCLUSION

It is accordingly **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint [DE 8] is **GRANTED**. Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice**. It is further

**ORDERED AND ADJUDGED** that Plaintiff may file an amended complaint on or before **April 10, 2014**. Failure to file an amended complaint by this deadline will result in the closing of the case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of March, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF